# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0444 | **DATE** | March 25, 2011 |
| **CASE TITLE** | Labron C. Neal-Bey (B-80805) vs. McCann, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [3]. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $23.13 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and continue monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue. The Court dismisses the complaint on file without prejudice to Plaintiff filing suit in the Central District of Illinois regarding any claims arising from his confinement at Pontiac Correctional Center that the Court has not already dealt with on the merits in this order. This case is terminated.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, Labron C. Neal-Bey, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $23.13. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The Court has reviewed plaintiff's complaint as required by 28 U.S.C. § 1915A. The complaint includes the following allegations.

Plaintiff alleges that on January 7, 2009, while he was incarcerated at Stateville Correctional Center, correctional officers searched his cell. During the search, the officers discovered in his cellmate's property box items considered to be contraband. Plaintiff and his cellmate were immediately placed in segregation. On January 13, 2009, Plaintiff was served with a disciplinary report concerning this incident.

On January 17, 2009, another incident occurred with Plaintiff's cellmate. This time, Plaintiff's cellmate accused a correctional officer of handcuffing him and leaving him in restraints for 22 hours. When correctional officers came to cell to remove the handcuffs from Plaintiff's cellmate, Plaintiff was escorted to another cell where he was stripped naked and instructed to put on a jumpsuit; Plaintiff was then taken to the health care unit. That same day, Plaintiff was called to internal affairs and interviewed by Correctional Officer Turner regarding his cellmate's accusations. After Plaintiff made a brief statement to Turner, Turner accused Plaintiff of protecting his cellmate and threatened to have him moved to Tamms or Pontiac Correctional Center. Plaintiff told Turner that he was cooperating.

# STATEMENT

Plaintiff was then taken to a cell used for showering and told to stand there. Later that same day, Plaintiff was escorted back to internal affairs. Plaintiff told the investigator and Warden McCann that he had nothing else to say and that he felt he was being treated harshly.

The next day, Plaintiff was transferred to Pontiac Correctional Center. At Pontiac, Plaintiff was placed in a cell without any additional jumpsuits or hygiene products. Plaintiff requested extra clothes and hygiene products to no avail and he was not permitted to shower. Plaintiff filed a grievance regarding these conditions, to no avail.

On January 30, 2009, Plaintiff filed a grievance because he did not have a hearing within 14 days of the January 7, 2009, disciplinary report as required by department rule. The grievance was received by Counselor Guth, who forwarded it to the chairperson of the adjustment committee, David Lingle. Lingle drafted a notice of continuance for a hearing to be held on February 11, 2009. On February 11, 2009, a hearing was held before the adjustment committee. At the hearing, Plaintiff informed Robert Ellinger that the hearing was being held in violation of department rules because it had not taken place within 14 days of the offense. Ellinger and Paul Blackwell found Plaintiff guilty. Plaintiff was labeled as a weapon violator which appears on his inmate identification card and a sign is placed above his cell. As a result, Plaintiff is repeatedly stripped and searched for weapons.

That same day, Plaintiff filed another grievance arguing that the adjustment committee violated his right to due process by not holding the hearing within 14 days as required by department rule. The grievance officer, Hamilton, failed to properly address the grievance and falsely found that the adjustment committee reviewed the disciplinary report within 14 days of the disciplinary report being written. The grievance was denied, and Warden Mathy approved the decision to keep Plaintiff in segregation.

Plaintiff appealed the denial of his grievance to the Administrative Review Board. The Director of the Illinois Department of Corrections ordered that Plaintiff be released from segregation and that the disciplinary report be expunged from his inmate master file. However, his inmate identification card still contains a weapon violator designation causing him to be excessively searched for weapons. On March 6, 2009, Plaintiff was released from segregation and his disciplinary report was expunged. At some point, Plaintiff was transferred back to Stateville where he was placed on a highly aggressive floor.

Plaintiff also alleges that while at Pontiac, he was informed that his radio had been altered or broken and was now considered contraband. He alleges that before he was transferred to Pontiac, the radio was not broken. Plaintiff was also required to send home other personal property.

Also while at Pontiac, an officer was assaulted by another inmate on January 26, 2009. After the attack, Plaintiff's cell light was turned on and left on for approximately a week. The light caused Plaintiff to lose sleep and be became restless. Plaintiff was informed that the light was ordered to be left on per Warden Mathy. Plaintiff also requested to be seen by medical staff for headaches and stomach pains while at Pontiac but he was not seen by medical staff until after he was released from segregation. Plaintiff was informed that his blood pressure was high which he attributes to the harsh conditions he endured at Pontiac.

Plaintiff names McCann, Turner, Lingle, Ellinger, Blackwell, Mathy, and Hamilton as Defendants. Plaintiff does not identify any specific claims against any specific Defendants. In his request for relief, Plaintiff seeks replacement of his radio and compensation for the property he was required to send home, damages against each Defendant in the amount of $200, and an order that he placed in a less-aggressive unit.

As to Plaintiff's claims regarding his radio and personal property, Plaintiff has not stated a viable federal constitutional claim. A random and unauthorized deprivation of property by a state employee does not constitute a federal due process violation if the state provides a meaningful post-deprivation remedy. *See Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007); *Snyder v. Nolen*, 380 F.3d 279, 298 (7th Cir. 2004). The Illinois Court of Claims provides Plaintiff with an adequate remedy to redress his property loss. Plaintiff may also file an action in the Illinois Circuit Court for the tort of conversion. *See Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). Because the state has provided an adequate post-deprivation remedy, the loss of Plaintiff's property is not actionable under section 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002).

Plaintiff also appears to be bringing a claim for the alleged denial of his due process rights because he was not provided a hearing within 14 days of the offense as required by department rule. However, Plaintiff was provided the due process that was required. If a prison disciplinary hearing may result in punitive segregation and loss of good time credits, due process requires that the inmate: (1) receive written notice of the disciplinary charges; (2) be given an opportunity to call witnesses and present documentary evidence in his defense, if consistent with prison safety and

| STATEMENT |
|---|

correctional goals; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary actions. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Plaintiff's allegations demonstrate that he received these required protections. His allegation that the department rule was violated because he did not receive a hearing within 14 days of the offense does not give rise a violation of his federal constitutional right to due process, because procedures set forth in administrative regulations do not create substantive liberty interests; therefore, the procedural protections of due process do not attach. Violations of administrative regulations do not give rise to constitutional claims pursuant to Section 1983. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right).

Any claims relating to the denial of Plaintiff's grievance also fail to state a claim. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, *i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Plaintiff only alleges his dissatisfaction with the results of his grievance, not that he has been denied access to the courts. Thus, Plaintiff has failed to state a due process claim against the Defendants involved in the grievance process.

While Plaintiff may have viable claims regarding his conditions of confinement and/or lack of medical care while at Pontiac, this district is not the proper venue for plaintiff to assert those claims. Under 28 U.S.C. § 1391(b), a civil rights action under section 1983 may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Pontiac Correctional Center is located in Livingston County, which is located in the Central District of Illinois. *See* 28 U.S.C. § 93(b). For this reason, if Plaintiff believes he can state valid claims pertaining to his confinement at Pontiac Correctional Center, he must file suit on those claims in the Central District.

For the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2). The dismissal is without prejudice to Plaintiff asserting in the Central District of Illinois any claims arising from his confinement at Pontiac that the Court has not already dealt with on the merits in this order. Plaintiff should attach a copy of this order to any suit that he files in the Central District concerning those claims.